Present: Kinser, C.J., Lemons, Goodwyn, Millette, McClanahan
and Powell, JJ., and Lacy, S.J.

COMMONWEALTH OF VIRGINIA

v.  Record No. 102360          OPINION BY SENIOR JUSTICE
                                    ELIZABETH B. LACY
JAMES BLAXTON                        March 2, 2012

            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Charles E. Poston, Judge

    In this case we consider whether a person who is adjudged a
sexually violent predator can be conditionally released for
supervision outside the Commonwealth because he also is subject
to supervised probation for another crime and therefore eligible
for transfer under the Interstate Compact for the Supervision of
Adult Offenders (Interstate Compact).  Code §§ 53.1-176.1, et
seq.

    James A. Blaxton was convicted in 1989 of rape, forcible
sodomy and attempted sodomy in violation of Code §§ 18.2-61,
18.2-67.1 and 18.2-67.5, respectively.  In June 2008, the
Commonwealth filed a petition seeking Blaxton's civil commitment
as a sexually violent predator pursuant to Code §§ 37.2-900 et
seq. (the Sexually Violent Predators Act or SVPA).  Following a
trial, the jury returned a verdict finding that Blaxton is a
sexually violent predator and the trial court confirmed the
jury's verdict.

    Pursuant to Code § 37.2-908, the circuit court heard
evidence on possible alternatives to civil commitment.  The

Department of Behavioral Health and Developmental Services (Department) prepared a conditional release plan which recited that Blaxton requested a transfer to live with his mother in Illinois. The circuit court concluded that the SVPA does not prohibit interstate transfers of sexually violent predators and entered an order granting Blaxton conditional release, adopting the conditional release plan prepared by the Department and transferring supervision of Blaxton to the state of Illinois pursuant to the Interstate Compact.

Subsequent to the circuit court's ruling, we decided Commonwealth v. Amerson, 281 Va. 414, 422, 706 S.E.2d 879, 884 (2011), in which we held that the SVPA does not authorize the conditional release of a sexually violent predator outside the Commonwealth. Accordingly, the circuit court's judgment adopting the conditional release plan and transferring supervision of Blaxton's conditional release outside the Commonwealth of Virginia was error.

Blaxton argues, however, that the trial court's judgment should be affirmed because transfer of his supervision outside the Commonwealth was appropriate because he is subject to probation supervision for another crime and therefore qualified for transfer under the Interstate Compact. Blaxton did not argue in the trial court that transfer of his supervision outside the Commonwealth was permitted under the Interstate

2

Compact based on his probation status for another criminal conviction. Nevertheless, we address this argument here because it is a question of law and no further facts must be developed to resolve the issue raised by Blaxton for the first time in this Court. Perry v. Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010).

We reject Blaxton's argument. First, supervision of sexually violent predators cannot be transferred outside the Commonwealth. Amerson, 281 Va. at 422, 706 S.E.2d at 884. Therefore, even if a defendant qualified for transfer under the Interstate Compact for some other criminal conviction, the specific restriction on a person adjudicated a sexually violent predator pursuant to the SVPA cannot be disregarded because the person may qualify for transfer for other reasons under the Interstate Compact. Furthermore, the Interstate Compact does not specifically recognize a person under supervision pursuant to a civil commitment as an "offender" subject to transfer. Under the Interstate Compact an "offender" is defined as

> [a]n adult placed under, or subject to, supervision
> as the result of the commission of a criminal offense
> and released to the community under the jurisdiction
> of courts, paroling authorities, corrections, or
> other criminal justice agencies.

Code § 53.1-176.2, art. II. Under this definition, the supervision is imposed because of the commission of a criminal offense, not, as in this case, because of a civil adjudication

3

of sexually violent predator.  Rules adopted by the Interstate Commission for Adult Offender Supervision (ICAOS) pursuant to the Interstate Compact, Code § 53.1-176.2, art. VIII, address transfer of supervision of sex offenders, but these rules identify a sex offender as one who has been convicted of a criminal offense.  Interstate Commission for Adult Offender Supervision, ICAOS Rules, Rules 1.101, 3.101-3, available at http://www.interstatecompact.org (follow "ICAOS Rules" hyperlink) (last visited Feb. 17, 2012).  Therefore, Blaxton would not qualify for transfer under the Interstate Compact based on his adjudication as a sexually violent predator.  See Amerson, 281 Va. at 422 n.2, 706 S.E.2d at 884 n.2.

For these reasons, the judgment of the circuit court adopting the conditional release plan prepared by the Department and transferring Blaxton's supervision to the state of Illinois is reversed and the case remanded to the circuit court for further proceedings regarding whether there is any suitable, less restrictive, alternative to involuntary inpatient treatment for Blaxton consistent with the SVPA.

<u>Reversed and remanded</u>.